```
IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF INDIANA
            SOUTH BEND DIVISION
```

| | | |
|---|---|---|
| HAKEEM FARRELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 3:07-CV-92 |
| | ) | |
| E. BUSS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **OPINION AND ORDER**

This matter is before the Court on the: (1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody Seeking Review of a Prison Disciplinary Sanction; and (2) Motion to Enter Exhibit B into Evidence, both filed by Petition, Hakeem Farrell, a *pro se* prisoner confined at the Indiana State Prison, on March 6, 2007.  Farrell is challenging his 180 day loss of good time credit as a result of a guilty finding in ISP 06-10-0214 on October 27, 2006, by the Disciplinary Hearing Board ("DHB") at the Indiana State Prison.  For the reasons set forth below, the habeas corpus petition is **DISMISSED** pursuant to Section 2254 Habeas Corpus Rule 4.  Farrell's motion to enter Exhibit B into evidence (DE # 2)is **GRANTED.**

DISCUSSION

Petitioner, Hakeem Farrell ("Farrell"), raises five challenges in his habeas corpus petition.  In his first challenge, Farrell asserts that there was insufficient evidence to find him guilty of attempted trafficking because he was not found attempting to take possession of the property nor was he aware that the item was being sent to him.  Farrell also asserts that the tape does not say what the DHB states that it does.

"[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted).  "The Federal Constitution does not

-2-

require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends – it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).

Here, the DHB states that it relied upon staff reports, the Internal Affairs file, and evidence from witnesses in finding Farrell guilty. (docket # 1-2, page 14). Officer McKinney wrote the following witness statement:

> On 10-3-06, I conducted an inspection of a keyboard that had a UPS label on it addressed to Farrell # 894093. Upon opening the keyboard I found approx 4 lbs of tobacco and one cell phone with a charger wrapped in black electrical tape.

(docket # 1-2, page 7). The report of investigation of incident states that a package containing a keyboard was addressed to Farrell and sent from Omaha, Nebraska. Inside the keyboard were several packages wrapped in black electrical tape, which contained tobacco, a cell phone, and a charger. Farrell's phone records revealed that he made a phone call to Omaha, Nebraska on September 13, 2006. In his conversation he asked the caller if it had been mailed yet. The female caller stated that she did today. When interviewed, Farrell stated that his wife lived in Omaha, but he only knew about books being mailed to him. (docket # 1-2, page 4). The statements from the officer, the report of investigation of

incident, and the package being addressed to Farrell is some evidence that Farrell is guilty of attempted trafficking. Because there is some evidence to support the finding of guilt, the Court cannot weigh the evidence or determine whether other evidence exists that would lead to an opposite conclusion.

In his second challenge, Farrell contends that it was a due process error when he was not allowed to listen to the cassette tape of his telephone conversation before the hearing. Farrell does not allege that he was denied a copy of the recording or that the DHB failed to listen to the tape. Rather, he asserts that he did not have the opportunity to listen to the tape before the hearing. While *Wolff* requires that Farrell be permitted to submit relevant exculpatory evidence, it does not entitle him to see or review any of the evidence himself.

> *Baxter v. Palmigiano*, 425 U.S. 308, 47 L. Ed. 2d 810, 96 S. Ct. 1551 (1976), warns the courts of appeals not to add to the procedures required by *Wolff,* which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners.

*White v. Indiana Parole Board*, 266 F.3d 759, 768 (7th Cir. 2001). Because *Wolff* does not require that Farrell have the opportunity to listen to the evidence before the hearing, this challenge does not state a due process error.

Next, Farrell asserts that there was a due process error because there was a "bait and switch" with his evidence and because they made him pay for a copy of the tape. Farrell first requested

-4-

a transcript of the phone call. The screening officer told Farrell that he would have to pay for the transcript. Although he did not want to, Farrell agreed. Rather than receiving a transcript, Farrell received a cassette tape which contained a recording of the phone call. Farrell said he did not want the tape, but the officers made him take it. The officers then gave him a confiscation notice and told him to send the tape home after the hearing because inmates were not allowed to possess such material.

While Farrell may have requested a transcript, the substantive evidence he was seeking was the content of the phone conversation. He acquired this content when he received the cassette tape. Although the medium in which he received the contents of the phone call may have been different than he requested, he still received the substantive evidence that he requested. Furthermore, he was not entitled to receive the evidence free of charge when it cost the prison money to acquire this evidence. Therefore, because he received the substantive evidence he requested, there was no *Wolff* violation.

Farrell then asserts that one of the members of the DHB did not have the certification that is required by the Adult Disciplinary Procedures. Habeas corpus relief is only available for the violation of the federal constitution or laws. 28 U.S.C. § 2254(a). This court cannot grant habeas corpus relief based on the violation of a prison rule. Therefore in this proceeding, it is

-5-

not relevant whether these rules were violated. *See Estelle v. McGuire*, 502 U.S. 62 (1991).

Finally, Farrell asserts that he was not given the required twenty-four hour notice when one of the witnesses changed his testimony. Farrell asserts that when Officer Bonner first gave his statement, he did not mention that Farrell had asked him if his keyboard had arrived yet. However, Bonner gave a second statement in which he said that Farrell asked him if his keyboard had arrived. Farrell contends that he should have been given twenty-four hours notice of Bonner's second statement so that he could analyze whether he needed to change his defense.

Under *Wolff*, written notice of the charges must be given to the petitioner:

> in order to inform him of the charges and enable him to marshal the facts and prepare a defense. At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the Adjustment Committee.

*Wolff*, 418 U.S. at 564. Farrell does not allege that was not given notice of the charges against him. Farrell knew that he was being charged with attempted trafficking. These charges did not change even if Bonner added information to his statement. Bonner's additions did not change the nature of the offense, nor did it substantially change the material facts which gave rise to the charge. Therefore, *Wolff* does not require that he be given an

additional twenty-four hours notice before they could hold the hearing.

Furthermore, as previously stated, while Farrell is entitled to present evidence under *Wolff*, *Wolff* does not require that Farrell be entitled to see the evidence against him. As a result, Farrell did not even need notice that Bonner had amended his witness statement. There is no *Wolff* violation.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4. Therefore, Farrell's petition must be dismissed.

In addition, Farrell has filed a motion to enter Exhibit B into evidence. Exhibit B are cassette tapes that Farrell states are relevant to the charges. Upon due consideration, Farrell' motion to enter Exhibit B into evidence is granted.

CONCLUSION

For the reasons set forth above, the habeas corpus petition is **DISMISSED** pursuant to Section 2254 Habeas Corpus Rule 4. The motion to enter Exhibit B into evidence (DE # 2) is **GRANTED**.

**DATED: March 21, 2007**             /s/RUDY LOZANO, Judge
                                      **United States District Court**

-7-